## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN A. BERTOLASIO,<br>    Plaintiff | CASE NO: |
| v. | TRIAL BY JURY DEMANDED |
| MARINEMAX NORTHEAST, LLC and<br>BANK OF THE WEST,<br>    Defendants | OCTOBER 19, 2016 |

### COMPLAINT

### I. INTRODUCTION

1.  This is a suit brought by a consumer under the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. §§ 2301 *et seq.,* and Article 2 of the Uniform Commercial Code, Conn. Gen. Stat. § 42a-2-101 *et seq.* ("UCC") against MarineMax Northeast, LLC ("MarineMax"), a marine dealership that fraudulently and maliciously sold him a vessel (hereinafter the "Vessel") under the description of a "New" 2015 Boston Whaler 17MTK, even though the vessel had previously been damaged in a collision or other incident prior to the sale that caused significant damage requiring repairs that were improperly made.  Plaintiff also asserts pendent claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq.* Plaintiff also claims against Bank of the West ("BOTW"), the assignee of the retail installment sales contract for the purchase of the vessel.

### II. PARTIES

2.  Plaintiff, John A. Bertolasio ("Plaintiff" or "Bertolasio"), is a consumer residing in Chicopee, Massachusetts.

3.  MarineMax is a Delaware limited liability company that operates a marine dealership in Norwalk, Connecticut.  It is an authorized dealership for Boston Whaler.

4.  BOTW is a national bank with offices in San Francisco, California, and it accepts the assignment of installment contracts for vessels from marine dealerships, including MarineMax.

### III.  <u>JURISDICTION</u>

5.  Jurisdiction in this Court is proper pursuant to 28 U.S. C. § 1332, Magnuson Moss, 15 U.S.C. § 2310(d)(1)(B) and Fed. R. Civ. P. 18(a).

6.  This Court has jurisdiction over MarineMax because it is located in Connecticut, and it has jurisdiction over BOTW because it regularly does business in Connecticut.

7.  Venue in this Court is proper, because the acts complained of occurred in this state.

### IV.  <u>FACTUAL ALLEGATIONS</u>

8.  On or about July 23, 2016, Plaintiff purchased the Vessel from MarineMax for a total cash price of $32,034.38, including sales tax of $1,884.38.

9.  Plaintiff paid $7,529.38 as a down payment for the Vessel and financed the balance of $25,000 pursuant to a retail installment sales contract (the "Contract") that was assigned to BOTW.

10. The finance charge under the Contract is $10,002.80, for a total sale price of $42,532.18.

11. The Contract further provides that BOTW may, in the event of a default by the Plaintiff, recover attorney's fees and court costs.

12. The Purchase Agreement and the Contract for the transaction described the Vessel as a "New 2015 Boston Whaler 17MTK."

13. Additionally, employees of MarineMax made affirmations of fact to Plaintiff that the Vessel was "new".

14. Unbeknownst to Plaintiff, prior to the time of sale, the Vessel was involved in a collision or other incident that caused significant damage and underwent repairs that were performed poorly and improperly.

15. MarineMax did not disclose the prior damage or repairs to the Plaintiff prior to the time of the purchase.

16. The Vessel was not "new" and was not in merchantable condition at the time of sale.

17. On September 14, 2016, Plaintiff, by his attorney, notified MarineMax and BOTW  that he had revoked his acceptance of the Vessel pursuant to Conn. Gen. Stat. § 42a-2-608 and that he was retaining possession of the Vessel as security for his claim pursuant to Conn. Gen. Stat. § 42a-711(3).

18. The defendants have failed and refused to refund to Plaintiff the amounts that he paid under the Contract.

## V.  CAUSES OF ACTION

### FIRST COUNT – BOTH DEFENDANTS
### Breach of Implied Warranty of Merchantability

19. Paragraphs 1-18 are herein incorporated.

20. This Count is asserted under Magnuson-Moss for MarineMax's breach of the implied warranty of merchantability, Conn. Gen. Stat. § 42a-2-314.

21. The Vessel, as sold to Plaintiff, would not pass in trade under the description of a "New" 2015 Boston Whaler 17MTK without objection.

22. MarineMax's conduct in selling a previously damaged or wrecked vessel as "new" was tortious in nature, and its breach of warranty was intentional, in bad faith, was wanton and malicious, outrageous, and was undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained.

23. Plaintiff is entitled to an order that he is not liable to BOTW under the Contract and to an award of damages in the form of a refund of all amounts paid for the Vessel, consequential damages, and common law punitive damages for the tortious breach of the implied warranty of merchantability.

24. Plaintiff estimates, and accordingly alleges, that the total amount that will be sought at trial for common law punitive damages will exceed $50,000.

## <u>SECOND COUNT – BREACH OF EXPRESS WARRANTY</u>

25. Paragraphs 1-18 are herein incorporated.

26. This Count is asserted under Conn. Gen. Stat. § 42a-2-313.

27. MarineMax's description of the Vessel as "new" and its affirmations of fact that the Vessel was new constituted express warranties, which have been breached.

28. MarineMax's conduct in describing the Vessel as "new" was tortious in nature, and its breach of warranty was intentional, in bad faith, was wanton and malicious, outrageous, and was undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained.

29. Plaintiff is entitled to an order that he is not liable to BOTW under the Contract and to an award of damages in the form of a refund of all amounts paid for the Vessel,

consequential damages, and common law punitive damages for the tortious breach of the implied warranty of merchantability.

## THIRD COUNT – BOTH DEFENDANTS
## CUTPA

30. Paragraphs 1-18 are herein incorporated.

31. MarineMax's misrepresentations that the Vessel was "new" and its failure to disclose the prior accident or damage and repairs was deceptive, unfair, and in violation of CUTPA.

32. Plaintiff is entitled to his actual damages and, in the discretion of the court, statutory punitive damages of $75,000 or such other amount as may be determined in the discretion of the Court pursuant to CUTPA.

Wherefore, the Plaintiff seeks actual damages, consequential damages, common law punitive damages, statutory punitive damages, attorney's fees, and costs.  Plaintiff also seeks an order that he validly revoked acceptance of the Vessel and permitting him to sell the Vessel and credit any proceeds to the unpaid portion of any judgment.

Plaintiff demands a trial by jury.

PLAINTIFF, JOHN A. BERTOLASIO

By: /s/ *Daniel S. Blinn*
      Daniel S. Blinn (ct02188)
      dblinn@consumerlawgroup.com
      Consumer Law Group, LLC
      35 Cold Spring Rd. Suite 512
      Rocky Hill, CT  06067
      Tel. (860) 571-0408
      Fax (860) 571-7457